UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, #761660,

    Plaintiff,                           CIVIL ACTION NO. 10-12387

    v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

MAX BRYANT,                          MAGISTRATE JUDGE MARK A. RANDON

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 15)**

Plaintiff Simon Phillips, a discharged federal employee, filed this *pro se* suit against Defendant Max Bryant, a union representative, alleging a breach of the duty of fair representation. Before the court is Defendant's motion to dismiss. Judge George Caram Steeh referred the matter to this Magistrate Judge for a report and recommendation.

Defendant seeks dismissal of Plaintiff's lawsuit on four grounds: (1) the District Court lacks subject matter jurisdiction over this controversy, (2) Plaintiff fails to plead an actionable claim against Defendant, (3) Plaintiff's claim is barred by the statute of limitations, and (4) 5 U.S.C. § 7101, *et seq.*, precludes Defendant's individual liability for actions he took as a union representative or officer. (Dkt. No. 15). Plaintiff has responded to the motion and the undersigned dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). Because, even under the liberal construction afforded *pro se* pleadings, Plaintiff's complaint fails to state a claim over which this Court has subject matter jurisdiction, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and the case be **DISMISSED**.

# I. BACKGROUND

Plaintiff is a former federal employee. He was discharged from his employment with the Veterans Administration ("VA") Hospital in August of 2008.[1] According to Plaintiff, after his termination, he was told to go home and wait for Max Bryant, a Union Representative for the American Federation of Government Employees, Local 2092, AFL-CIO ("the Union") to call him. (Dkt. No. 1). Two years have passed and Plaintiff is still waiting for Bryant's call. *Id*.

Plaintiff did not receive representation from the Union. He did not get his job back, and a series of unfortunate events ensued, culminating in his current confinement in a Michigan prison for home invasion. *Id*. Plaintiff wants his job back (presuming a successful appeal), $100,000.00 in pain and suffering, and back pay. Plaintiff does not allege that he filed a grievance or a claim with the Federal Labor Relations Authority ("FLRA").

# II. ANALYSIS

## A. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not

---

[1] Judge Steeh dismissed Plaintiff's discrimination lawsuit against the VA Hospital on August 2, 2011.

extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp. 1012, 1015-1016 (E.D. Mich. 1995). Courts employ the same standard when deciding a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) of the Federal Rules of Civil Procedure. *Tackett v. M & G Polymers, USA, LLC.*, 561 F.3d 478, 481 (6th Cir. 2009).

**B. This Court Lacks Subject Matter Jurisdiction over this Controversy**

Liberally construed, Plaintiff's Complaint may be read to allege a breach of the duty of fair representation against Defendant and the Union.[2] Plaintiff alleges that he was not represented by the Union and that it "never even put up a fight." (Dkt. No. 1). Plaintiff's response to Defendant's motion to dismiss further clarifies that he is alleging a breach of duty of fair representation against Defendant.

> As to my claim against VA Hospital / Erik[sic] Shinseki if I was properly represented by union representation all rules would have been followed by me. . . . Also that I was clearly mislead[sic] by union representative Max Bryant, that I should have been represented and protected by [the] union.

(Dkt. No. 21). However, this Court does not have subject matter jurisdiction over Plaintiff's claim and it must be dismissed.

Defendant argues that Plaintiff's claims fall within the exclusive purview of the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. § 7101 *et seq*. Defendant is correct. A breach of the duty of fair representation by a federal employee's union is an unfair labor practice as defined in 5 U.S.C. § 7116(b)(8). *Karahalios v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 532 (1989). Congress expressly provides a remedy for unfair labor practices in 5 U.S.C. § 7118(a)(1), and it and has vested exclusive jurisdiction for breach of

---

[2] It is unclear whether Plaintiff intended to name the union as a Defendant. If he did, the union would also be entitled to dismissal for the reason indicated below.

the duty of fair representation claims against a federal employee's union in the Federal Labor Relations Authority ("FLRA"):

> [N]either the language nor the structure of the [Civil Service Reform] Act[3] shows any congressional intent to provide a private cause of action to enforce federal employees unions' duty of fair representation. That duty is expressly recognized in the Act, and an administrative remedy for its breach is expressly provided for before the FLRA, a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation.

*Id*. at 534. The FSLMRS "provides recourse to the courts only in three circumstances: with specified exceptions, persons aggrieved by a final FLRA order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive relief is available to the FLRA to assist it in the discharge of its duties, § 7123(d)." *Id*. at 532. Therefore, there is no private cause of action for an aggrieved federal employee, like Plaintiff, to sue his union or union representative in federal court for breach of the duty of fair representation.

## **CONCLUSION**

This Court lacks subject matter jurisdiction because Congress has vested exclusive jurisdiction over Plaintiff's claims in the FLRA. This Magistrate Judge, therefore, **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and that the case be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a

---

[3] Title VII of the CSRA is often referred to as the Federal Service Labor-Management Relations Statute ("FSLMRS").

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  January 18, 2012

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 18, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*
