UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, III, #761660,

        Plaintiff,

vs.

        Case No. 10-12387
        HON. GEORGE CARAM STEEH

MAX BRYANT, et al.,

        Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22], GRANTING DEFENDANT'S MOTION TO DISMISS [#15] AND DISMISSING ACTION**

On January 18, 2012, Magistrate Judge Mark A. Randon issued a report and recommendation recommending that the court grant the defendant's motion to dismiss and dismiss plaintiff's complaint. Magistrate Judge Randon found that this court lacks subject matter jurisdiction over this controversy. The court agrees with the magistrate judge's conclusion and dismisses plaintiff's complaint.

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Plaintiff filed this action alleging that defendant, a union representative for the American Federation of Government Employees, Local 2092, AFL-CIO, breached his duty of fair representation concerning plaintiff's discharge from employment with the Veterans

-1-

Administration in August of 2008. As the magistrate judge correctly found, exclusive jurisdiction for breach of fair representation claims against a federal employee's union is before the Federal Labor Relations Authority. See 5 U.S.C. § 7118(a)(1); Karahalios v. National Federal Employees, Local 1263, 489 U.S. 527 (1989) (no private cause of action available to enforce union's duty of fair representation). Thus, this court lacks subject matter jurisdiction over this action.

On or about January 31, 2012, plaintiff filed a "response to report and recommendation," which the court construes as plaintiff's objection to the report and recommendation. In his objection, plaintiff provides no legal authority or argument which compels the court to conclude that it has subject matter jurisdiction over this breach of fair representation action. Rather, plaintiff argues that his request for counsel should have been granted. See Dkt. No. 19. Magistrate Judge Randon denied plaintiff's request for counsel on July 29, 2011. Id. Therefore, if plaintiff sought review of the magistrate judge's order, he was required to file an objection no later than fourteen days after the magistrate judge's July 29, 2011 order. See Fed. R. Civ. P. 72(a). In any event, plaintiff is not entitled to appointment of counsel in this civil action. The "appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." Lopez v. Reyes, 692 F. 2d 15, 17 (5th Cir. 1982); see also, Lavado v. Keohane, 992 F. 2d 601, 605 (6th Cir. 1993) (internal citations and quotations omitted); Henry v. Detroit Manpower Dep't, 763 F. 2d 757, 760 (6th Cir. 1985).

Plaintiff also argues that the reassignment of his case to this district judge as a

companion to plaintiff's discrimination case against the Veteran's Administration[1] compels the conclusion that the present matter has merit. Under this court's local rules, companion cases "arise out of the same transaction or occurrence . . . ." See E.D.L.R. 83.11(b)(7). To promote judicial efficiency, a companion case may be reassigned to a judge of this court having the earlier case number. Therefore, reassignment of a case as a companion to an earlier filed case has no bearing on whether the case has merit. Plaintiff's objection to the report and recommendation is denied.

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation as its findings of fact and conclusions of law in this matter. Defendant's motion to dismiss [#15] is GRANTED and plaintiff's motion to waive fees and costs [#16] is MOOT. Plaintiff's complaint is DISMISSED.

SO ORDERED.

Dated: February 9, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 9, 2012, by electronic and/or ordinary mail and also to Simon Phillips at St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880.

S/Josephine Chaffee
Deputy Clerk

---

[1] On August 2, 2011, the court dismissed plaintiff's discrimination action, case number 10-cv-11195, for failure to state a claim.